UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| G & G FREMONT, LLC, et al.,<br><br>       Plaintiff(s),<br><br>  v.<br><br>CITY OF LAS VEGAS,<br><br>       Defendant(s). | Case No. 2:14-CV-1006 JCM (PAL)<br><br>ORDER |

  Presently before the court is a motion for preliminary injunction filed by plaintiffs G&G Fremont, LLC and Crazy Ely Western Village, LLC (collectively "plaintiffs"). (Doc. # 10). Defendant City of Las Vegas (hereinafter "defendant") filed a response, (doc. # 14), and plaintiffs filed a reply, (doc. # 19).

**I. Background**

  Plaintiffs own and operate three souvenir and packaged liquor stores along the Fremont Street Experience in Las Vegas. (Doc. # 1). They brought the instant action against the City of Las Vegas, alleging that the city was targeting packaged liquor sellers by enforcing certain ordinances against them.

  The city passed ordinance number 6320 as part of a regulatory scheme aimed to reduce problems caused by high alcohol consumption near the Fremont Street Experience. (Doc. # 1, 14). The ordinance applies to package liquor sellers adjacent to or on a pedestrian mall. It restricts the sale of single-serving alcoholic products and products of greater than 32 ounces or more than eleven percent alcohol by volume. LVMC 6.50.475. It forbids posting prices visible to individuals outside the establishment, limits advertising to the windows of the establishment, and limits the percentage of window space that may be used for advertising. *Id.* Finally, the

**James C. Mahan**
**U.S. District Judge**

1  ordinance restricts the percentage of window space that may be used to advertise alcoholic
2  beverages, and requires liquor sellers to post a sign indicating that consumption on the Fremont
3  Street Experience is forbidden.  *Id.*

4  In their complaint, plaintiffs assert claims for violations of equal protection, procedural
5  due process, substantive due process, and the First Amendment.  (Doc. # 1).  They also claim
6  that the ordinances are unconstitutionally vague, that the regulatory scheme is an
7  unconstitutional bill of attainder, and that the regulations constitute a taking.  (Doc. # 1).  They
8  assert claims for violations of their civil rights under 42 U.S.C. § 1983 and claim that the
9  ordinances violate section 1 of the Sherman Antitrust Act.  (Doc. # 1).  Their complaint seeks
10 declaratory relief as well as a preliminary and permanent injunction.

11 **II.   Legal Standard**

12 Federal Rule of Civil Procedure 65 provides that the court may issue a preliminary
13 injunction on notice to the adverse party.  Fed. R. Civ. P. 65(a)(1).  A preliminary injunction
14 seeks to preserve the status quo and prevent irreparable harm from occurring before a judgment
15 is issued.  *Textile Unlimited Inc. v. BMH & Co.*, 240 F.3d 781, 786 (9th Cir. 2001).

16 The Supreme Court has stated that courts must consider the following elements in
17 determining whether to issue a preliminary injunction: (1) likelihood of success on the merits; (2)
18 likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and
19 (4) advancement of the public interest.  *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).  The test is
20 conjunctive, meaning the party seeking the injunction must satisfy each element.

21 Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and
22 sliding scale tests.  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.
23 2011).  "Under this approach, the elements of the preliminary injunction test are balanced, so that
24 a stronger showing of one element may offset a weaker showing of another."  *Id.*

25 "Serious questions going to the merits and a balance of hardships that tips sharply
26 towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also
27 shows that there is a likelihood of irreparable injury and that the injunction is in the public
28 interest."  *Id.* at 1135.

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

In their motion for a preliminary injunction, plaintiffs seek to enjoin enforcement of the city's "package liquor ordinances," ("the ordinances") which they allege are unconstitutional. (Doc. # 10). In particular, plaintiffs argue that the ordinances (1) violate the First Amendment, (2) constitute an unconstitutional bill of attainder, (3) are preempted by the Sherman Antitrust Act, and (4) violate their procedural due process rights. (Doc. # 10). Defendant responds that the ordinances are constitutional and that enforcing them is a permissible use of its police power. (Doc. # 14).

*A. First Amendment*

Plaintiffs first argue that the ordinances violate the First Amendment by unduly restricting commercial speech. Regulations of commercial speech are subject to intermediate scrutiny.[1] *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of New York*, 447 U.S. 557, 566 (1980) (Blackmun, J., concurring); *Coyote Pub., Inc. v. Miller*, 598 F.3d 592, 598 (9th Cir. 2010). To determine the permissibility of these restrictions, courts apply a four-part test. *See Cent. Hudson*, 447 U.S. at 557.

First, commercial speech receives First Amendment protection only if it concerns lawful activity and is not misleading. *Id.* Second, the government's interest in regulating the speech must be substantial. *Id.* Third, the regulation must directly advance the government's substantial interest. *Id.* Fourth, the regulation must not be more extensive than necessary to serve that interest. *Id.*

Plaintiffs argue that the ordinances fail the third and fourth prongs of the *Central Hudson* test. While plaintiffs rely on *44 Liquormart v. Rhode Island*, 517 U.S. 484 (1996), this case is distinguishable. *44 Liquormart* involved a complete prohibition on "advertising in any manner whatsoever" of alcoholic beverage prices. *Id.* at 489. The only exceptions were price tags and

---

[1] Plaintiffs argue that strict scrutiny applies to this case based on *44 Liquormart v. Rhode Island*, 517 U.S. 484, 500 (1996). However, *44 Liquormart* clearly establishes that such heightened scrutiny is only warranted in cases of complete bans on commercial speech. Because the ordinances here are not so severe, plaintiffs' arguments for strict scrutiny are misguided.

James C. Mahan
U.S. District Judge

- 3 -

1  signs displayed with the merchandise. *Id.* Media advertising of prices was completely
2  forbidden. *Id.*

3  While plaintiffs improperly classify the instant restrictions as a "blanket ban," they are
4  not nearly as severe as those in *44 Liquormart*. The ordinances prohibit the placement and
5  quantity of price advertisement, but they do not forbid it. Sellers remain free to advertise outside
6  certain ranges of visibility and within certain parameters of quantity. *See* LVMC 6.50.475.
7  Further, the ordinances in no way restrict a seller's ability to use media advertisement.
8  Accordingly, *44 Liquormart* should not dictate the result here.

9  With regard to the third and fourth prongs of the *Central Hudson* test, plaintiffs fail to
10 meet their burden of showing a likelihood of success on the merits. The city passed the
11 ordinances to reduce alcohol consumption on Fremont Street. Restrictions on advertisements of
12 low prices likely advance this purpose.

13 While plaintiffs argue that the ordinances are "significantly more extensive than is
14 necessary," they do nothing more than cite *44 Liquormart* in support of these claims. (Doc. #
15 10). Although plaintiffs contend that less restrictive alternatives are available, this does not show
16 a likelihood of success on the merits under the test for regulations of commercial speech. (Doc.
17 # 13).

18 Based on the foregoing, plaintiffs fail to meet their burden to show a likelihood of
19 success on the merits regarding the constitutional validity of the ordinances. Accordingly, they
20 are not entitled to a preliminary injunction on these grounds.

21 *B. Bill of attainder*

22 Plaintiffs' argument that the regulatory scheme here constitutes a bill of attainder is
23 misguided. A bill of attainder "legislatively determines guilt and inflicts punishment upon an
24 identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of*
25 *Gen. Servs.*, 433 U.S. 425, 468 (1977). The ordinances regulate the sale of liquor. They do not
26 target plaintiffs nor do they inflict punishment on them. Plaintiffs cannot show a likelihood of
27 success on the merits of this argument.

28

**James C. Mahan**
**U.S. District Judge**

C. *Sherman Act*

Plaintiffs' Sherman Act claims are similarly without merit. The Sherman Act prohibits agreements that unreasonably restrain trade. *See* 15 U.S.C. § 1. The city has the power to regulate liquor sales, and enforcement of the ordinances is not the type of conduct that the Sherman Act prohibits.

Plaintiffs claim that the Sherman Act "preempts" local laws that force competitors to violate the Sherman Act. (Doc. # 10). Plaintiff cites cases striking down liquor laws on these grounds. *See Cal. Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 97 (1980); *Costco Wholesale Corp. v. Maleng*, 522 F.3d 874, 886 (9th Cir. 2008). The regulations at issue in those cases imposed specific pricing systems on sellers. Therefore, they are distinguishable from the instant case.

Plaintiffs argue that the ordinances force them to violate antitrust laws by restricting output, forbidding truthful price advertising, and horizontally allocating customers to other retailers. (Doc. # 10). However, as defendant mentions, municipal regulations are not generally subject to the Sherman Act, so long as they are effectuated pursuant to state policy. *City of Columbia v. Omni Outdoor Adver., Inc.*, 499 U.S. 365, 370-71 (1991).

Plaintiffs have failed to convince the court that the ordinances at issue are even subject to the Sherman Act. Even if the ordinances were deemed anticompetitive, they are likely exempt pursuant to the case law above. Accordingly, plaintiffs have not shown a likelihood of success on their Sherman Act claims. Therefore, they are not entitled to a preliminary injunction on these grounds.

D. *Procedural due process*

Plaintiff G&G Fremont argues that the ordinances intrude on its constitutionally protected interest in its business license. (Doc. # 10). In particular, G&G states that its business license allows it to sell miniature bottles of alcohol in gift baskets, while the ordinances forbid these sales. As a result, G&G claims that it is likely to succeed on the merits of a § 1983 procedural due process claim against the city.

**James C. Mahan**
**U.S. District Judge**

- 5 -

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it . . . . [h]e must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Substantive property interests are created by state law, while federal constitutional law determines whether those interests are protected by the Due Process Clause. *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 9 (1978) (*citing Roth*, 408 U.S. at 577).

Plaintiffs again cannot show a likelihood of success on the merits of a procedural due process claim. To support this claim, plaintiffs rely largely on a Seventh Circuit case which is not binding in this jurisdiction. *See Reed v. Vill. of Shorewood*, 704 F.2d 943, 948 (7th Cir. 1983) (evaluating liquor license as property interest under Illinois law).

Plaintiffs also cite the Ninth Circuit's assertion in *In re Petite Auberge Village, Inc.*, 650 F.2d 192, 194 (9th Cir. 1981), that a liquor license is a state-created property right. However, that case involved issues unrelated to the instant case, and did not address due process rights. *Id.* (affirming order allowing trustee to recover postpetition interest and tax penalties out of proceeds of sale of bankrupt's liquor license).

Defendant responds to plaintiffs' arguments by citing two Nevada Supreme Court cases. *See Kochendorfer v. Bd. of Cty. Com'rs*, 566 P.2d 1131, 1134 (Nev. 1977); *Gragson v. Toco*, 520 P.2d 616, 617 (Nev. 1974). Defendants contend that these cases establish that a liquor license is not a property right subject to procedural due process protections. (Doc. # 14).

These cases do not conclusively establish that plaintiffs' procedural due process claim is without merit. However, plaintiffs have not met their burden of demonstrating that they possess an underlying property right entitling them to procedural due process. Accordingly, plaintiffs have failed to show a likelihood of success on the merits for any of its claims. For this reason, the court will deny plaintiffs' motion for a preliminary injunction.

Notably, plaintiffs also fail to meet their burden to prove the other three elements of the *Winter* test. Plaintiffs' motion presents largely conclusory arguments as to why plaintiffs would suffer irreparable injury and why the public interest and a balancing of the hardships weigh in

**James C. Mahan**
**U.S. District Judge**

their favor.  These assertions are insufficient to meet the requisite burden for a preliminary injunction.  Based on the foregoing, the court will deny the motion.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for preliminary injunction, (doc. # 10), be, and the same hereby is, DENIED.

DATED October 9, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -